# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09cv541-RJC-DCK

| | |
|---|---|
| O'MARR S. REID, | ) |
|         Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| STATE OF NORTH CAROLINA and | ) |
| ROBIN E. HUDSON, | ) |
|         Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's second "Motion to Amend" (Document No. 12), second "Motion To Join" (Document No. 13), and "Motion to File Electronically" (Document No. 14). Such motions were filed after the Court issued three Orders in this action:

(1)     by "Order" (Document No. 4), on December 29, 2009, the undersigned denied Plaintiff's "Motion to Consolidate" (Document No. 3);

(2)     by "Order" (Document No. 6), on January 7, 2010, the Honorable Robert J. Conrad, Jr., Chief United States District Judge, denied Plaintiff's application (Document No. 1) to proceed *in forma pauperis*, and allowed Plaintiff thirty (30) days within which to submit an amended application; and

(3)     by "Order" (Document No. 11), on January 11, 2010, the undersigned allowed Plaintiff's first "Motion to Amend" (Document No. 7) and granted Plaintiff's first "Motion To Join" (Document No. 8).

Inasmuch as Plaintiff is proceeding *pro se*, the undersigned has reviewed all of Plaintiff's pleadings in a light most favorable to him. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978). In doing so, the undersigned has construed Plaintiff's latest motions as attempts to comply with the Court's Order concerning *in forma pauperis* status, and to comply with

the undersigned's previous Order, allowing Plaintiff to amend the Complaint and add additional parties.

First, the undersigned has considered whether to allow the filing of the Complaint without payment of a filing fee. Having closely read the pleadings, and having resolved all inferences in Plaintiff's favor, it appears that Plaintiff lacks the funds to pay the required filing fee of $350.00. Supporting such a finding are Plaintiff's verified contentions in his "2nd Memorandum of Law" and "Affidavit of Information" (Document No. 15), as well as his application to proceed *in forma pauperis* (Document No. 1). Plaintiff states, *inter alia*, that he receives approximately $200.00 per month in food stamps and pays his power bill by selling $40.00 worth of food stamps to his mother. Based on such allegations, the undersigned finds there to be a reasonable basis for allowing Plaintiff to file his Complaint without prepayment of costs or giving security therefore. See 28 U.S.C. § 1915.

Prior to directing that summonses and copies of the Complaint (and other pleadings that could be interpreted as amendments) be served on the Defendants by the United States Marshal, the Court is obligated to ensure that before substantial public resources are spent, the matter presented is not frivolous. The Court can and has taken judicial notice of matters of public record, which include decisions of the courts of the State of North Carolina.

> [A] court may take judicial notice of matters of public record . . . .
> Here, all of [Defendant's exhibits] are publicly-recorded papers from
> prior court proceedings. They meet the public records exception and
> [the Court] may consider them in deciding this motion to dismiss.

Happel v. Wal-Mart Stores, Inc., 286 F.Supp.2d 943, 945 (N.D.Ill.2003); accord, Kaempe v. Myers, 367 F.3d 958, 963 (D.C.Cir. 2004).

Reading the Complaint and amendments in a light most favorable to Plaintiff, it appears that

Plaintiff is attempting to allege a violation of the United States Constitution and/or federal law due to the actions of a state actor, to wit, the Defendant identified in the Complaint as "Robin E. Hudson." As will be made clear *infra*, the undersigned has reason to believe that the "Robin E. Hudson" Plaintiff has named, is actually the Honorable Robin E. Hudson, Associate Justice of the Supreme Court of North Carolina. This Court takes judicial notice of the Order in <u>O'Marr S. Reid v. David Childers, First Baptist Church, Princess Smith, City of Mount Holly</u>, 686 S.E.2d 675, 2009 WL 4548731 (N.C. Nov. 5, 2009),[1] in which the Supreme Court of North Carolina dismissed *ex mero moto* Plaintiff's Motion for Notice of Appeal. The undersigned has reason to believe that this is the Order of which Plaintiff complains herein, inasmuch as the language of the Order is nearly identical to language identified in the Complaint. While the reported decision does not state which Justice authored the decision, the undersigned will assume *arguendo* that it was Justice Hudson.

In this action, Plaintiff appears to take issue and seeks to challenge a decision of the Supreme Court of North Carolina, and in particular, the actions one Justice purportedly took in dismissing a motion *ex mero moto*, claiming that such action violated federal rights. <u>See</u> Complaint, at pp. 1-2 (Document No. 2). In pertinent part, Plaintiff takes issue with the Supreme Court's action and alleges that "citizens no-longer enjoy the right of appeal in which this is a violation of procedural due process, in addition, ex post facto of the nation as well as the states constitution." <u>Id.</u> at 2. Thus, the undersigned has construed Plaintiff's Complaint as an attempt to assert claims against the State of North Carolina, as well as Justice Hudson, for acts taken in her judicial capacity, pursuant to 42, United States Code, Section 1983. Such claims, however, are "patently frivolous" under prevailing

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

federal law.

First, a federal district court lacks jurisdiction over a Section 1983 claim for money damages brought against either the State of North Carolina or its officials sued in their official capacities. Neither the state, nor a state official acting in her official capacity, is a "person" within meaning of section 1983, except that a state official sued in her official capacity for injunctive relief is a person because official capacity actions for prospective relief are not treated as actions against the state. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

Second, the undersigned construes Plaintiff's Complaint as seeking injunctive relief on a theory that the North Carolina Supreme Court, in dismissing his petition *ex mero motu,* denied Plaintiff federally guaranteed due process under the Fifth and Fourteenth Amendments to the United States Constitution. Lower federal courts lack jurisdiction to review challenges to state court proceedings even where it is alleged that the state court's action was unconstitutional. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Czura v. Supreme Court of S.C., 813 F.2d 644 (4th Cir. 1987). While such limitation does not preclude jurisdiction over a general challenge to a specific state statute or rules, it does preclude a challenge to a specific state court decision in a particular case. Feldman, 460 U.S. at 482-83. In this case, it is clear that Plaintiff's claim stems directly from the decision in Reid v. Childers. Thus, the United States District Court is not the proper forum in which to challenge a decision of the Supreme Court of North Carolina.

Third, Justice Hudson is absolutely immune from suit for acts taken within her capacity as a Justice of the North Carolina Supreme Court. Judges are immune from damages liability for judicial acts unless done in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978). Such immunity is not lost because the action was taken in error, done maliciously, or exceeded such

judge's authority.  Stump, 435 U.S. at 356; Chu v. Griffith, 771 F.2d 79 (4th Cir. 1985).  In determining whether judicial immunity is applicable, courts consider the nature of the act itself (whether it is a function normally performed by a Justice) and the expectation of the parties (to wit, whether they dealt with the justice in a judicial capacity).  Forrester v. White, 484 U.S. 219 (1988).  Clearly, the dismissal of a petition pending before the North Carolina Supreme Court is the type of act normally and routinely performed by a Justice and was within such Justice's judicial capacity.  Thus, judicial immunity would be applicable to Justice Hudson and would preclude the prosecution of this action against her.  Such immunity is not just a defense to liability; it relieves those who enjoy it from the burden of suit, which could hinder the expeditious administration of justice.  Siegert v. Gilley, 500 U.S. 226, 232-33 (1991).  See also Ashcroft v. Iqbal,129 S.Ct. 1937, 1953 (U.S. 2009)("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" (citation omitted)).

Having reviewed the Complaint and considered current case law, the undersigned must conclude for the reasons stated above that this action "fails to state a claim on which relief may be granted."  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Where a Complaint and any amendment clearly fail to state a cause of action, Section  1915(e)(2)(B) specifically provides that "the court shall dismiss the case . . . ."  28 U.S.C. 1915(e)(2)(B).  The undersigned is, therefore, compelled to recommend to the presiding District Court judge that this action be summarily dismissed.

Finally, the undersigned has considered Plaintiff's "Motion To File Electronically" (Document No. 14).  At this time, ECF is only available to attorneys, as the ability to file directly into the court's docket is reserved for attorneys admitted to the Bar and staff members working under their guidance.  Even attorneys are required to take a course before utilizing such system, and such

permission is premised upon a greater obligation as officers of the court in using the system in a manner that ensures its integrity. The undersigned is sympathetic to Plaintiff's plight and understands that postage as well as copies are expensive when considered relative to Plaintiff's modest means. Assuming that Plaintiff is unable to travel to the courthouse to file pleadings, the undersigned knows of no other acceptable, verifiable means for filing documents with the Court. The costs of copies and postage is simply unavoidable.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that Plaintiff's second "Motion to Amend" (Document No. 12) and second "Motion To Join" (Document No. 13), and the "2nd Memorandum of Law" (Document No. 15) in support, be **DEEMED** to be Plaintiff's amendments to his Complaint, and a renewed or second application to proceed *in forma pauperis*.

**IT IS FURTHER RECOMMENDED** that:

(1) the renewed or second application to proceed *in forma pauperis* (Document No. 12) be **ALLOWED**, and that Plaintiff's Complaint and the amendments thereto be **FILED** without Plaintiff being required to pay a filing fee or giving security therefore;

(2) the "Motion to File Electronically" (Document No. 14) be **DENIED**; and,

(3) it appearing that Plaintiff has not and cannot state a claim against any of these Defendants, that Plaintiff's "Motion to Join" (Document No. 13) be **DENIED**, and that Plaintiff's Complaint be **DISMISSED** in accordance with 28, United States Code, Section 1915(e)(2)(B).

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of

law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.  Page v. Lee, 337 F.3d 411, 416 n. 3 (4th Cir.2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir.1989); United States v. Rice, 741 F.Supp. 101, 102 (W.D.N.C.1990).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365.  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: February 10, 2010

David C. Keesler
United States Magistrate Judge