# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cv541-RJC-DCK

| | |
|---|---|
| O'MARR S. REID,    ) | |
|     Plaintiff,    ) | |
|     ) | |
|     v.    ) | ORDER |
|     ) | |
| STATE OF NORTH CAROLINA and    ) | |
| ROBIN E. HUDSON,    ) | |
|     Defendants.    ) | |

**THIS MATTER** is before the Court on the pro se plaintiff's second motion to amend (Doc. No. 12), second motion to join (Doc. No. 13), motion to file electronically (Doc. No. 14), the Magistrate Judge's Memorandum and Recommendations ("M&R") (Doc. No. 20), the plaintiff's objections (Doc. No. 27), and the plaintiff's third motion to amend (Doc. No. 21).

## I. BACKGROUND

The plaintiff does not specifically object to the findings of fact as set forth in the M&R, and the Court therefore adopts the facts as set forth in the M&R for purposes of resolving these motions.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not

required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

## III. DISCUSSION

As the M&R correctly points out, "where a Complaint and any amendment clearly fail to state a cause of action, [28 U.S.C. §] 1915(e)(2)(B) specifically provides that 'the court shall dismiss the case . . . .'" 28 U.S.C. 1915(e)(2)(B). Further, the court must dismiss a case pursuant to this same statute when the action "is frivolous or malicious" or "seeks monetary relief against a defendant who is immune from such relief." Id. The Court has carefully reviewed the record and has conducted a de novo review of the M&R, taking into account the plaintiff's objections and the applicable law. The Court finds that the Magistrate Judge correctly determined the motions at issue and adopts the M&R as the opinion of this Court for all purposes regarding the relevant motions.

In addition, after reviewing the plaintiff's third motion to amend the complaint (Doc. No. 21), the Court finds that the third amended complaint is futile because it fails to state a claim upon which relief may be granted. The Court will thus deny this motion. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) ("Under Rule 15(a), leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment.").

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. the renewed or second application to proceed <u>in forma pauperis</u> (Doc. No. 12) is **ALLOWED**, and all the plaintiff's documents that have been submitted in this case are deemed appropriately **FILED** with the Court;

2. the motion to file electronically (Doc. No. 14) is **DENIED**;

3. the motion to join (Doc. No. 13) is **DENIED**;

4. the third motion to amend (Doc. No. 21) is **DENIED**, and the plaintiff's complaint is **DISMISSED** in accordance with 28, United States Code, Section 1915(e)(2)(B); and

5. the motion for judicial notice (Doc. No. 23) and motion for default judgment (Doc. No. 24) are **DENIED** as moot.

**SO ORDERED**.

Signed: March 5, 2010

_____
Robert J. Conrad, Jr.
Chief United States District Judge