IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv541-RJC-DCK

| | |
|---|---|
| O'MARR S. REID, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA and )<br>ROBIN E. HUDSON, )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on the pro se plaintiff's motion for new trial (Doc. No. 31), motion for relief from judgment (Doc. No. 32), and the memorandum in support of these motions (Doc. No. 33).

## I. BACKGROUND

The Court dismissed the plaintiff's complaint in this case on March 8, 2010 (Doc. No. 29). The plaintiff now objects to the Court's dismissal of the complaint, claiming the Court improperly reviewed the Magistrate Judge's Memorandum and Recommendations (Doc. No. 20).

## II. STANDARD OF REVIEW

Because there was no previous trial in this matter, the Court will not address the plaintiff's motion for a new trial under Rule 59(a)(1) and (2). However, in light of the plaintiff's pro se status, the Court will construe the motion for a new trial as a Rule 59(e) motion. Rule 59(e) permits a party to petition a court to alter or amend its judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). There are three grounds that may warrant a court's consideration of a motion to amend or alter a judgment: "(1)

to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Project Control Servs. v. Westinghouse Savannah River Co., 35 Fed. App'x. 359, 365 (4th Cir. 2002) (quoting EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) motion to amend a judgment "is an extraordinary remedy which should be used sparingly." Id. (citation omitted).

Federal Rule of Civil Procedure 60(b) provides, in part, that, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding . . . ." A party seeking relief under Rule 60(b) must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984); Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). Should these threshold requirements be met, the moving party must proceed to satisfy one or more of the rule's six grounds for relief from judgment, which include (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Cf. Werner, 731 F.2d at 207 ("these grounds for relief often overlap, and it is difficult if not

2

inappropriate in many cases to specify or restrict the claim for relief to a particular itemized ground"). The party moving for such relief "must clearly establish the grounds therefore to the satisfaction of the district court," and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted).

## III. DISCUSSION

As the Court stated in its previous Order, it reviewed the record in the case and "conducted a de novo review of the M&R, taking into account the plaintiff's objections and the applicable law." (Doc. No. 29 at 1). The Court still finds that the Magistrate Judge determined the issues correctly, and the Court finds no reason to grant relief from judgment at this time. Regarding the Rule 59(e) motion, there has been no intervening change in controlling law, plaintiff has pointed to no new evidence, and the Court finds no clear error of law or manifest injustice in the dismissal of the plaintiff's complaint. See Project Control Servs., 35 Fed. App'x. at 365. As for the Rule 60(b) motion, while it is timely, the plaintiff fails to convince the Court that there exist any exceptional circumstances warranting relief from the Court's final order and judgment. Without this threshold showing, the Court does not address whether the plaintiff meets one of the six substantive grounds for relief from judgment.[1]

---

[1] The plaintiff also takes issue with the Court's denial of the third motion to amend because it failed to state a claim upon which relief may be granted and was therefore futile. "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. United States, 199 F.3d 694, 705 (4th Cir. 1999). A court may properly deny a motion for leave to amend where such amendment would be futile, for example where, even with the amendments, the complaint fails to state a claim upon which relief may be granted. See United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (affirming district court's denial of motion to amend on grounds of futility where proposed amended complaint failed to state a claim); In re PEC Solutions, Inc. Securities Litigation, 418 F.3d 379, 391 (4th Cir. 2005). The Court thus properly denied the third motion to amend, because even with the amendments, it failed to state a valid claim for relief.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. the plaintiff's motion for new trial (Doc. No. 31) is **DENIED**; and

2. the palintiff's motion for relief from judgment (Doc. No. 32) is **DENIED**.

**SO ORDERED**.

Signed: March 18, 2010

Robert J. Conrad, Jr.
Chief United States District Judge